QUINN EMANUEL URQUHART & SULLIVAN LLP
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

*Attorneys for Defendant Hyundai Motor America*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: KIA HYUNDAI VEHICLE THEFT MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*City of Chicago v. Kia America, Inc., and Hyundai Motor America*, Case No. 8:23-cv-02045-JVS(KESx) | Case No.: 8:22-ML-03052-JVS(KESx)<br><br>**ANSWER OF DEFENDANT HYUNDAI MOTOR AMERICA TO CITY OF CHICAGO'S SECOND AMENDED COMPLAINT**<br><br>JURY DEMAND<br><br>Judge: Hon. James V. Selna |

Defendant Hyundai Motor America ("HMA" or "Defendant") by and through its counsel, hereby submits its Answer to the Second Amended Complaint ("SAC") filed by Plaintiff City of Chicago, Illinois ("Plaintiff" or "Chicago"). Unless expressly and specifically admitted, HMA denies each and every allegation made by Chicago in its SAC. HMA answers as follows:

## I.     INTRODUCTION[1,2]

1.     Answering Paragraph 1, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia America, Inc. ("KA" or "Kia") and therefore denies them. Answering further, Defendant responds that "hot-wiring" and "harder" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it manufactured vehicles. Answering further, Defendant responds that the allegations are vague as to time and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

2.     Answering Paragraph 2, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "chose," "often simple," "industry-standard," "anti-theft technologies," "many of their cars," "shortcomings," "hot-wire," "viral," "skyrocketed," "record-setting rates," "violent crimes," "injuries," and "property damage" are vague and ambiguous,

---

[1]  This document adopts the headings of Plaintiff's SAC only for the Court's ease of reference. Defendant does not agree with or admit any statements alleged in the headings.

[2]  On January 18, 2024, the Court approved the Parties' joint stipulation to dismiss Hyundai Motor Company ("HMC") and Kia Corporation ("KC") from this action without prejudice. *See* Dkt. 292, Order Approving Stipulation re Voluntary Dismissal of Hyundai Motor Company and Kia Corporation and Discovery. Chicago, in its SAC, refers to HMA as "Hyundai" and KA as "Kia." This document adopts those same references.

and denies the allegations on that basis. Answering further, Defendant admits that videos were posted online demonstrating how to steal certain Hyundai and Kia brand vehicles, however, Defendant is without knowledge or information sufficient to form a belief as to when such videos were first posted online, and therefore denies the allegation on that basis. Answering further, Defendant denies that it manufactures cars. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

3.      Answering Paragraph 3, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "critical," "defect," "easily," "[m]ost car manufacturers," "standard anti-theft equipment," "other major car manufacturer," "equivalent anti-theft technology," "touting," "'advanced' technology," and "safety features" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it manufactured vehicles. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

4.      Answering Paragraph 4, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "effective," "capability," "provide," "routinely," "standard equipment," "equivalent anti-theft technology," "crime," "threaten," "public safety," "clearly disclose," "industry-standard," "such a disclosure," "highly susceptible," and "costs" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it manufactured vehicles. Answering further, Defendant is without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering

ANSWER OF HYUNDAI MOTOR AMERICA TO CHICAGO'S SAC

further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

5.    Answering Paragraph 5, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "unlawful and reckless actions," "car theft crisis," "trend," and "consistently" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations. Answering further, Defendant is without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations in this Paragraph and therefore denies them.    Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

6.    Answering Paragraph 6, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "surge," "hard," "harm's way," "crime wave," "stressed," "cost," "unlawful conduct," "property damage," "diverts law enforcement resources," "strives to keep the public safe," "harm," "costs," "misrepresentations," and "material omissions" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant responds that the allegations are vague as to time and therefore denies them.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Defendant denies

ANSWER OF HYUNDAI MOTOR AMERICA TO CHICAGO'S SAC

Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

## II.    PARTIES

7.    Answering Paragraph 7, Defendant responds that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, including footnote 2, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

8.    Answering Paragraph 8, Defendant responds that "oversees regulatory compliance," "directly and materially involved," and "disseminating" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it manufactures or designs vehicles.  Answering further, Defendant admits that it distributes Hyundai brand vehicles in the United States.  Answering further, Defendant admits that it distributes, markets, warrants, and oversees warranty servicing of Hyundai-brand vehicles through a network of over 800 dealers throughout the United States from its headquarters in California.  Answering further, Defendant denies that it leases vehicles.  Answering further, Defendant admits that it develops promotional and advertising materials for Hyundai vehicles.  Answering further, Defendant admits that it is incorporated in California and headquartered at 10550 Talbert Avenue, Fountain Valley, California.  All allegations in this Paragraph not specifically admitted are denied.

9.    Answering Paragraph 9, Defendant admits that KA is headquartered in California.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this Paragraph, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

### III. JURISDICTION AND VENUE

10. Answering Paragraph 10, Defendant admits that HMA and KA are incorporated and headquartered in the State of California. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

11. Answering Paragraph 11, Defendant admits that this action was originally filed in state court in Cook County, Illinois. Answering further, Defendant admits that this action was then removed to the United States District Court for the Northern District of Illinois. Answering further, Defendant admits that this action was then transferred to this multidistrict litigation pending in the United States District Court for the District of Central California. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

12. Answering Paragraph 12, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "conduct," "significant business," "unlawful conduct," and "emanated from" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

13. Answering Paragraph 13, Defendant responds that "substantial" is vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

## IV.    FACTUAL ALLEGATIONS

### A.    Hyundai and Kia Became Two of the Most Popular Vehicle Manufacturers in the United States.

14.    Answering Paragraph 14, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "popular," and "recognizable" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

15.    Answering Paragraph 15, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia or Hyundai Motor Company, and therefore denies them.  Answering further, Defendant responds that "Kia," "it," "its," "controls," "closely," and "connected" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

16.    Answering Paragraph 16, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "close," "connections," "many," "underlying engineering," and "certain parts" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding engineers at Hyundai America Technical Center, Inc. ("HATCI").  All allegations in this Paragraph not specifically admitted are denied.

17.    Answering Paragraph 17, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "have," "industry-standard," and "equivalent anti-theft equipment" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant admits that it marketed vehicles in the United States from 2011 through 2022.  Answering further, Defendant denies that it sold vehicles to Chicago consumers from 2011 through 2022.  All allegations in this Paragraph not specifically admitted are denied.

**B.  Hyundai and Kia Failed to Install Industry-Standard Engine Immobilizers or Equivalent Technology.**

18.  Answering Paragraph 18, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

19.  Answering Paragraph 19, to the extent Plaintiff relies on the Act or regulations cited in Paragraph 19 of the SAC, the Act and regulations speak for themselves.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

20.  Answering Paragraph 20, to the extent Plaintiff relies on the regulation cited in Paragraph 20 of the SAC, the regulation speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

21.  Answering Paragraph 21, Defendant responds that "industry-standard" and "easiest" are vague and ambiguous, and denies the allegation on that basis.  Answering further, to the extent Plaintiff's allegations rely on the document cited in footnote 3 of the SAC, the document speaks for itself.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.

To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

22.    Answering Paragraph 22, Defendant responds that "hot-wiring" is vague and ambiguous, and denies the allegation on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

23.    Answering Paragraph 23, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "effective" and "standard equipment" are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations, including the figure under Paragraph 23, rely on the document cited in footnote 4 of the SAC, the document speaks for itself.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to vehicles from automobile manufacturers in the United States, and therefore denies the allegations.  Answering further, Defendant states that this Paragraph contains a legal conclusion regarding European, Canadian, New Zealand, or Australian laws and/or regulations, and therefore no response is required.  To the extent a response is required, Defendant responds that the referenced laws and/or regulations speak for themselves.  Answering further, Defendant denies that it manufactures automobiles.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

24.    Answering Paragraph 24, Defendant responds that "industry-standard equipment," "effective," "curbing," "significantly," and "peak" are vague and

ambiguous, and denies the allegation on that basis.  To the extent Plaintiff's allegations, including the figure below Paragraph 24, rely on the documents cited in footnotes 5, 6, and 7 of the SAC, the documents speak for themselves.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

25.    Answering Paragraph 25, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "evidence," "effective," "equally if not more effective," "slew," "dramatic," and "substantially similar" are vague and ambiguous, and therefore denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations rely on the document cited in footnotes 8 and 9 of the SAC, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

26.    Answering Paragraph 26, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "effective," "evidence," "this conclusion," "chose," "cost-prohibitive," "[i]ncluding," "the technology," and "routinely" are vague and ambiguous, and therefore denies the allegations on that basis.  Answering further, Defendant denies that it manufactured vehicles.  Answering further, Defendant responds that the allegations are vague as to time and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

27.    Answering Paragraph 27, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "equivalent technology" is vague and ambiguous, and therefore denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations,

including the figure below Paragraph 27, rely on the document cited in footnote 10 of the SAC, the document speaks for itself.  Answering further, Defendant denies that it manufactured vehicles.  Answering further, Defendant admits that it distributed model years 2011 through 2022 of the Hyundai-branded vehicles listed in this Paragraph.  Answering further, Defendant denies that all model years between 2011 and 2022 of the Hyundai-branded vehicles listed lacked engine immobilizers.  All allegations in this Paragraph not specifically admitted are denied.

28.    Answering Paragraph 28, Defendant admits that the SAC purportedly refers to the listed vehicle models as the "Defective Vehicles," but denies that characterization.

29.    Answering Paragraph 29, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "representations," "Defective Vehicles," "more advanced technology and safety features," "comparable vehicles on the market," "measurably less safe," "easily stolen," and "rampant" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

**C.    Kia and Hyundai Misrepresented the Safety and Quality of the Defective Vehicles and Failed to Disclose the Lack of Industry-Standard Anti-Theft Technology to Chicago Consumers.**

30.    Answering Paragraph 30, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "advertisements and marketing materials," "misrepresentations," "quality," "safety," "Defective Vehicles," "clearly disclose," "industry-standard," and "equivalent anti-theft technology" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that it made available

and/or directed advertisements and marketing materials to Chicago consumers from 2011 through 2022. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

31. Answering Paragraph 31, Defendant admits that Plaintiff purports to make allegations in Plaintiff's SAC with as much specificity as possible. Defendant disputes the level of specificity with which Plaintiff claims to have pleaded its allegations. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

32. Answering Paragraph 32, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "obfuscated," "industry-standard," "equivalent anti-theft technology," "Defective Vehicles," "advertisements," "disseminated," "touting," "quality," "safety," "such statements" and "material information" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

33. Answering Paragraph 33, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "advertisements and marketing materials," "Defective Vehicles," "safety and other advanced features," "standard equipment," "equivalent anti-theft

technology" and "safety" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph, including regarding reasonable consumers' interpretations, and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

34.    Answering Paragraph 34, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "most ads," "equivalent anti-theft technology," "industry-standard technology," "clearly state" "standard equipment," "[s]uch statements," "clear and conspicuous disclosures," and "Defective Vehicles" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

35.    Answering Paragraph 35, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "clearly disclose," "deceptive," "representations," "advertisements and marketing materials," "Defective Vehicles," "more advanced technology and safety features," and "other comparable vehicles" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies

Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

36.    Answering Paragraph 36, to the extent Plaintiff's allegations rely on the websites cited in footnotes 11 and 12 of the SAC, the websites speak for themselves. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

37.    Answering Paragraph 37, Defendant responds that "[t]hese same themes," "advertisements," and "Defective Vehicles" are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations rely on the document cited in footnote 13 of the SAC, the document speaks for itself.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

38.    Answering Paragraph 38, Defendant responds that "equivalent anti-theft technology" is vague and ambiguous, and denies the allegations on that basis. Answering further, to the extent Plaintiff's allegations rely on the document cited in footnotes 14, 15, and 16 of the SAC, the document speaks for itself.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

39.    Answering Paragraph 39, Defendant responds that "equivalent anti-theft technology" is vague and ambiguous, and denies the allegations on that basis. Answering further, to the extent Plaintiff's allegations rely on the document cited in footnotes 17 and 18 of the SAC, the document speaks for itself.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

40.    Answering Paragraph 40, Defendant responds that "equivalent anti-theft technology" is vague and ambiguous, and denies the allegations on that basis. Answering further, to the extent Plaintiff's allegations rely on the document cited in

footnote 19 of the SAC, the document speaks for itself.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

41.    Answering Paragraph 41, Defendant responds that "deceptive advertising," "representative of similar advertisements, including brochures and other advertisements," and "Defective Vehicles" are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations rely on the documents listed in Exhibit A, which is cited in footnote 20 of the SAC, the documents speak for themselves.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

42.    Answering Paragraph 42, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  To the extent a response is required, Defendant responds that "the advertisements that Chicago reviewed," "pattern and practice," "touting," "some of the most advanced technology and safety features," "expressly and clearly disclose," "equivalent anti-theft technology," "that technology," "standard equipment," and "almost all other vehicles" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to vehicles from other companies, and therefore denies the allegations.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

43.     Answering Paragraph 43, Defendant responds that "[s]eventy-seven of the ninety-seven advertisements reviewed" and "equivalent anti-theft technology" are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations rely on the documents listed in Exhibits A, B, and C, which are cited in footnote 21 of the SAC, the documents speak for themselves. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

44.     Answering Paragraph 44, Defendant responds that "eleven of the twenty instances," "small print," "luxury optional packages," "limited boilerplate disclosures," "clear and conspicuous," "other equivalent anti-theft technology," and "Defective Vehicles" are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations rely on the documents listed in Exhibit B, which is cited in footnote 22 of the SAC, the documents speak for themselves.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

45.     Answering Paragraph 45, Defendant responds that "[o]ut of the ninety-seven advertisements reviewed, only nine" "standard feature," "some models" are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations rely on the documents listed in Exhibits A and C, the documents speak for themselves.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

46.     Answering Paragraph 46, Defendant responds that "more advertisements and marketing materials," "Defective Vehicles," and "substantially similar misrepresentations and omissions" are vague and ambiguous, and denies the

allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

47.  Answering Paragraph 47, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "foregoing misrepresentations and material omissions," "Defective Vehicles'," "industry standard," "equivalent anti-theft technology," "substantial number of advertising and marketing materials" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

48.  Answering Paragraph 48, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that  "foregoing misrepresentations and material omissions," "Defective Vehicles'," "industry-standard," "equivalent anti-theft technology" "substantial number of advertising and marketing materials," "materials discussed above," "print advertising," "video advertisements," "materials made available to consumers at dealerships," "such information," "sales documents," "displays," "advertisements," "warranties," "owner's manuals," "almost all," "limited instances," "majority," "clear and conspicuous disclosures," and "standard equipment" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this

Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

49.    Answering Paragraph 49, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "clearly and conspicuously disclosed," "this information," "foregoing materials," and "chose" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

50.    Answering Paragraph 50, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "Defective Vehicles," "measurably," "safe," "more susceptible to theft," "almost every other vehicle on the market," "equivalent anti-theft technology," "almost all," "advertisements and marketing materials," "touting," "those vehicles," "more advanced technology and safety features," "other vehicles," "their class," "few instances," "advertisements," "majority," "clear and conspicuous disclosures," and "standard equipment" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.    Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

51.    Answering Paragraph 51, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "obfuscated," "information," "industry-standard," "equivalent anti-theft technology," "Defective Vehicles," "deceptive advertising materials," "misleading statements and omissions," "deceptive advertising," and "harms" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies that it sells vehicles to Chicago consumers.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

52.    Answering Paragraph 52, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "clearly and conspicuously disclose," "this information," "statements," "Defective Vehicles," "more advanced technology and safety features," "other vehicles," "their class," "half-truths," "in a material respect," "clear and conspicuous disclosure," "representations," "advanced technology and safety features," and "anti-theft technology" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's

ANSWER OF HYUNDAI MOTOR AMERICA TO CHICAGO'S SAC

characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

53. Answering Paragraph 53, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "Defective Vehicles," "technology," "demonstrably easier," "other vehicles on the market," "clearly and conspicuously disclose," and "material omission" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

54. Answering Paragraph 54, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "material information," "half-truths," "Defective Vehicles'," "advanced technology and safety features," "express clear and conspicuous disclosure," "advertisements and marketing materials," "more susceptible," and "other vehicles on the market" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

55.    Answering Paragraph 55, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "[t]housands," "Defective Vehicles," "many," "deceptive advertisements," "widely disseminated," "substantial costs," "[m]any consumers," and "equivalent anti-theft technology" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant denies that it sold vehicles to Chicago consumers.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant the allegations.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

56.    Answering Paragraph 56, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "substantial number," "substantial injury," "industry standard," "equivalent anti-theft technology," "Defective Vehicles," "information necessary," "meaningfully choose," "most instances," "others," "clearly and conspicuously disclose," and "critical information" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

57.    Answering Paragraph 57, Defendant responds that "hardships" and "deceptive and unfair trade practices" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response

is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

58.    Answering Paragraph 58, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

59.    Answering Paragraph 59, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

60.    Answering Paragraph 60, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  Answering further, to the extent Plaintiff's allegations rely on the document cited in footnote 24 of the SAC, the document speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

61.    Answering Paragraph 61, Defendant responds that "hardships" and "theft crisis" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

62.    Answering Paragraph 62, Defendant responds that "[s]ome," "Defective Vehicles," "demonstrably easier," "almost all other vehicles on the market," "costs," "theft crisis," and "reasonably related," "deceptive and unfair advertising" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response

ANSWER OF HYUNDAI MOTOR AMERICA TO CHICAGO'S SAC

is required.  To the extent a response is required, Defendant denies the allegations. Answering further, Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

**D.    Kia's and Hyundai's Failure to Include Engine Immobilizers or Equivalent Technology in the Defective Vehicles Caused a Theft Crisis in Chicago.**

63.    Answering Paragraph 63, Defendant responds that "thousands," "equivalent anti-theft technology," "defect," "all-too-predictable," "Defective Vehicles," and "skyrocketed" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

64.    Answering Paragraph 64, Defendant responds that "exploded," "summer of 2022," "easy," "equivalent anti-theft technology," "Defective Vehicles," "equivalent anti-theft technology," "viral," "wave," "other criminal behavior," "almost half," and "many cities" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant admits that videos were posted online depicting thefts of Hyundai- and Kia-branded vehicles, and that in some instances the individuals posting such videos identified themselves as part of the "Kia Boyz," however, Defendant is without knowledge or information sufficient to form a belief as to when such videos were first posted online, and therefore denies the allegation on that basis.  Defendant further admits that some videos posted online depicted the removal of the plastic cowl under a steering column and use of a USB connector. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and

ANSWER OF HYUNDAI MOTOR AMERICA TO CHICAGO'S SAC

therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

65.    Answering Paragraph 65, Defendant responds that "theft crisis" and "particularly hard" is vague and ambiguous and denies the allegations on that basis. Answering further, to the extent Plaintiff's allegations rely on the document cited in footnote 25 of the SAC, the document speaks for itself.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

66.    Answering Paragraph 66, Defendant responds that "largely attributable," "massive surge," and "skyrocketed" are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations, including the figures below Paragraph 66, rely on the document cited in footnotes 26 and 27 of the SAC, the document speaks for itself.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

67.    Answering Paragraph 67, to the extent Plaintiff's allegations, including the figure below Paragraph 67, rely on the document cited in footnote 28 of the SAC, the document speaks for itself.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.   All allegations in this Paragraph not specifically admitted are denied.

68.    Answering Paragraph 68, Defendant responds that "signs" and "slowing" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and

therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

69.    Answering Paragraph 69, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

70.    Answering Paragraph 70, Defendant responds that "crimes," "these motor vehicles," "further criminal misconduct," and "public safety issues" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

E.    **Defendants' Failure to Include Engine Immobilizers or Equivalent Anti-Theft Technology Has Disproportionately Impacted Low-Income Chicago Residents.**

71.    Answering Paragraph 71, Defendant responds that "deeply," "impacted," "theft crisis," "Defective Vehicles," "financial harm," "damaged," "vandalized," "frustration," "significant," "costs," "impacts," "lucky enough," "ransacked," and "damaged" are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations rely on the document cited in footnote 29 of the SAC, the document speaks for itself.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

72.    Answering Paragraph 72, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "trashed," and "springtime" are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations rely

ANSWER OF HYUNDAI MOTOR AMERICA TO CHICAGO'S SAC

on the document cited in footnote 30 of the SAC, the document speaks for itself. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

73.    Answering Paragraph 73, Defendant responds that "Defective Vehicles," "entry-level," "relatively low priced," "impact," "surge," "disproportionately," "moderate and low means," "hardest," "hit," "resources," and "worse" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

74.    Answering Paragraph 74, Defendant responds that "costs," "other damage," and "replacement parts" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

75.    Answering Paragraph 75, Defendant responds that "Defective Vehicles," "lucky enough," "suffering," "theft crisis," "most susceptible," and "if not more" are vague and ambiguous and denies the allegations on that basis. Answering further, Defendant admits that some insurance companies refused to write policies for certain Hyundai models in certain locales. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further,

1  Defendant denies Plaintiff's characterization of the facts in this Paragraph.    All
2  allegations in this Paragraph not specifically admitted are denied.

3        76.    Answering Paragraph 76, Defendant responds that it is without
4  knowledge or information sufficient to form a belief as to the truth or falsity of the
5  allegations relating to Kia, and therefore denies them.  Answering further, Defendant
6  responds that "Defective Vehicles," "more advanced technology and safety features,"
7  "comparable vehicles," "industry-standard anti-theft equipment," "more susceptible,"
8  "every reason to know," "easily stolen," "equivalent anti-theft technology," "majority
9  of their advertising and marketing materials," "misrepresentations," "omissions,"
10 "thousands," "most vulnerable," "unsafe," and "some cases" are vague and
11 ambiguous and denies the allegations on that basis.  Answering further, Defendant
12 admits that it marketed Hyundai-branded vehicles in the United States.  Answering
13 further, Defendant is without knowledge or information sufficient to form a belief as
14 to the truth or falsity of the allegations relating to vehicles from other companies, and
15 therefore denies the allegations.  Answering further, Defendant is without knowledge
16 or information sufficient to form a belief as to the truth or falsity of the remaining
17 allegations in this Paragraph and therefore denies them.  All allegations in this
18 Paragraph not specifically admitted are denied.

19      **F.**    **Defendants' Failure to Include Immobilizers or Equivalent**
20  **Technology Drains the City's Law Enforcement and Emergency Response Resources and Imperils Public Safety.**

21        77.    Answering Paragraph 77, Defendant responds that "harms" "just the
22 beginning," "significant impacts," and "public safety" are vague and ambiguous and
23 denies the allegations on that basis.  Answering further, Defendant admits that the
24 National Traffic and Motor Vehicle Safety Act was promulgated in 1971.  Answering
25 further, Defendant admits that the National Highway Traffic Safety Administration
26 has promulgated numerous Federal Motor Vehicle Safety Standards ("FMVSS"),
27 including FMVSS 114.  Answering further, Defendant responds that the text of
28 FMVSS 114 speaks for itself.  Answering further, to the extent Plaintiff's allegations

rely on the document cited in footnote 31, the document speaks for itself.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

78.    Answering Paragraph 78, Defendant responds that the text of FMVSS 114 speaks for itself.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

79.    Answering Paragraph 79, Defendant responds that "reverse," "substantial," "public safety," "risk," "lawful users," "public thoroughfare," "unfortunate enough," "cross paths," "commonly," and "further crimes" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

80.    Answering Paragraph 80, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "risks," "heightened," "new wave," "joyriding," "other crimes," "associated videos," "busy hours," "congested," "higher likelihood" and "injury" are vague and ambiguous and denies the allegation on that basis.  Answering further, Defendant admits that videos were posted online depicting thefts of Hyundai-brand vehicles.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

81.    Answering Paragraph 81, Defendant responds that "risks," "far from hypothetical," "social media trend," "injured," "Defective Vehicles," and "violence" are vague and ambiguous and denies the allegation on that basis.  Answering further, to the extent Plaintiff's allegations rely on the documents cited in footnotes 34, 35, and 36 of the SAC, that documents speaks for themselves. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

82.    Answering Paragraph 82, Defendant responds that "hit," "hardest," and "violence" are vague and ambiguous, and denies the allegation on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.    Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

83.    Answering Paragraph 83, Defendant responds that "series" and "crimes" are vague and ambiguous and denies the allegation on that basis.  Answering further, to the extent Plaintiff's allegations rely on the document cited in footnote 37 of the SAC, the document speaks for itself.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.    All allegations in this Paragraph not specifically admitted are denied.

84.    Answering Paragraph 84, to the extent Plaintiff's allegations rely on the documents cited in footnote 38 of the SAC, the  document speaks for itself. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

85.    Answering Paragraph 85, to the extent Plaintiff's allegations rely on the document cited in footnote 39 of the SAC, the document speaks for itself.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

86.    Answering Paragraph 86, to the extent Plaintiff's allegations rely on the documents cited in footnote 40 of the SAC, the document speaks for itself.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

87.    Answering Paragraph 87, to the extent Plaintiff's allegations rely on the documents cited in footnote 41 of the SAC, the document speaks for itself.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

88.     Answering Paragraph 88, Defendant responds that "theft crisis," "translated," "heightened demands," "public safety resources," "related crimes," "property damage," "injuries to the public," "resources," "public awareness outreach," "costs," and "increased rates" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

89.     Answering Paragraph 89, Defendant responds that "these stolen cars," "continually," "alarming rate," "violent crimes," "resources," "theft prevention education and devices," "Defective Vehicles," and "recovery efforts" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

90.     Answering Paragraph 90, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "best efforts," "theft crisis," "costs," "same investment," "other manufacturers," "same one," "overseas markets," "equivalent anti-theft technology," "standard equipment," and "Defective Vehicles" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies the existence of a public nuisance and also denies that it created a public nuisance. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

### G.    Defendants' Response to the Theft Crisis Has Been Woefully Inadequate.

91.    Answering Paragraph 91, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "response," "crisis," "prioritization of profits over safety," and "equivalent anti-theft technology" are vague and ambiguous, and denies the allegation on that basis.  Answering further, Defendant admits that it has rolled out a software update for some vehicles without engine immobilizers.  Answering further, Defendant admits that it has not initiated a recall of vehicles without engine immobilizers.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.    Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

92.    Answering Paragraph 92, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "timely" is vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant responds that the allegations are vague as to geographic location and recipient and therefore denies them.  Answering further, Defendant admits that the Chicago Police Department asked it to provide steering wheel locks.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this

Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

93.    Answering Paragraph 93, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "ongoing public safety crisis," "Defective Vehicles," "software fix," "remediate," "stymy," and "spree" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that HMA received a letter dated January 23, 2023 purporting to have been sent by Chicago's Police Superintendent. Answering further, to the extent Plaintiff's allegations rely on the January 23, 2023 letter, the letter speaks for itself. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

94.    Answering Paragraph 94, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "band-aid solutions," "too little,"  "too late," "update," and "to work" are vague and ambiguous, and denies the allegations on that basis. All allegations in this Paragraph not specifically admitted are denied.

95.    Answering Paragraph 95, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "efficacy," "untested in the real world" and "similar experience" are vague and ambiguous, and denies the allegation on that basis. Answering further, to the extent Plaintiff's allegations rely on the documents cited in footnotes 42 and 43 of the SAC, the documents speak for themselves. Answering further, Defendant

denies it has verified any report of a vehicle with the appropriate software upgrade installed and operating as designed being stolen in the manner the upgrade was designed to address.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

96.    Answering Paragraph 96, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "eligible vehicles" is vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant admits that as of July 2023, not all eligible Hyundai-branded vehicles without engine immobilizers had received the software update.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

97.    Answering Paragraph 97, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "effective," Defective Vehicles," "expenses," "sufficiently slowing," "harm," "equivalent anti-theft technology," and "standard equipment" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that there exists a public nuisance and also denies that it created a public nuisance.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required,

Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

98.    Answering Paragraph 98, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "profits over safety," "efficacy," "usability," "passed safety costs on to Chicago," "resources," "responding to thefts and associated crimes," "educating the community," and Defective Vehicles" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

99.    Answering Paragraph 99, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "theft crisis," "take advantage," "crisis," "equivalent anti-theft technology," "industry standard," "Defective Vehicles" "aggressive action," "turn greater profits," "correct," and "problem" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant admits that it has not implemented a recall, but denies the characterization that a recall was mandatory. Answering further, Defendant denies that it could have implemented a mandatory recall. Answering further, Defendant denies that it sold security kits for $170. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

# FIRST CAUSE OF ACTION

## Violation of MCC 4-276-470

### Deceptive Trade Practices

100.    Answering Paragraph 100, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs.    All allegations in this Paragraph not specifically admitted are denied.

101.    Answering Paragraph 101, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "acts," "practices," and "deceptive business practices" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

102.    Answering Paragraph 102, to the extent Plaintiff's allegations rely on the Municipal Code of Chicago, the Municipal Code of Chicago speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

103.    Answering Paragraph 103, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, to the extent Plaintiff's allegations rely on the Municipal Code of Chicago, the Municipal Code of Chicago speaks for itself.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

104.    Answering Paragraph 104, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant

responds that "trade and commerce," "Defective Vehicles," "thousands," "substantial number," "deceptive advertisements," and "that information" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it engaged in deceptive conduct.  Answering further, Defendant admits that some Chicago consumers may have purchased Hyundai-branded vehicles from dealerships in Chicago.  Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to what Chicago consumers saw or considered before or when deciding to purchase a vehicle, and therefore denies them.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

105.  Answering Paragraph 105, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "deceptive trade practices," "Defective Vehicles," "more advanced technology and safety features," "comparable vehicles," "clearly and conspicuously disclose," "equivalent anti-theft technology," "the foregoing misrepresentations and omissions," and "advertising" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it engaged in deceptive trade practices and also denies that it misrepresented and/or intentionally misrepresented information about Hyundai-branded vehicles.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to vehicles from other companies, and therefore denies them.   Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies Plaintiff's

ANSWER OF HYUNDAI MOTOR AMERICA TO CHICAGO'S SAC

characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

106.  Answering Paragraph 106, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "omission and/or obfuscation," "industry-standard anti-theft technology," "material," "this information," "Defective Vehicles," and "acted differently" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

107.  Answering Paragraph 107, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "placed profits ahead of the health and safety of others," "concealing," "material facts," "Defective Vehicles'," "equivalent technology," and "ease" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

108.    Answering Paragraph 108, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "deceptive marketing," "Defective Vehicles," and "Defective Vehicle" are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations rely on the Municipal Code of Chicago, the Municipal Code of Chicago speaks for itself.  Answering further, Defendant denies that it sold and/or sells vehicles to retail consumers.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

109.    Answering Paragraph 109, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

**SECOND CAUSE OF ACTION**

**Violation of MCC § 2-25-090**

**Deceptive Trade Practices**

110.    Answering Paragraph 110, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

111.    Answering Paragraph 111, to the extent Plaintiff's allegations rely on the Municipal Code of Chicago, the Municipal Code of Chicago speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

112.    Answering Paragraph 112, to the extent Plaintiff's allegations rely on the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, the

Illinois Compiled Statutes speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

113. Answering Paragraph 113, to the extent Plaintiff's allegations rely on the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, the Illinois Compiled Statutes speak for themselves. All allegations in this Paragraph not specifically admitted are denied.

114. Answering Paragraph 114, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "trade and commerce," "Defective Vehicles," "thousands," "substantial number," "deceptive advertisements," and "that information" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it engaged in deceptive conduct. Answering further, Defendant denies that it sold vehicles to retail consumers. Answering further, Defendant admits that Chicago consumers purchased Hyundai-branded vehicles from dealerships in Chicago. Answering further, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to what Chicago consumers saw or considered before or when deciding to purchase a vehicle, and therefore denies them. Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

115. Answering Paragraph 115, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "deceptive trade practices," "Defective Vehicles," "more advanced technology and safety features," "comparable vehicles," "clearly and conspicuously disclose," "equivalent anti-theft technology," "the foregoing misrepresentations and

omissions," and "advertising" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

116. Answering Paragraph 116, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "omission and/or obfuscation," "industry-standard anti-theft technology," "material," "this information," "Defective Vehicles," and "acted differently" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

117. Answering Paragraph 117, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "placed profits ahead of the health and safety of others," "concealing," "material facts," "Defective Vehicles'," "equivalent anti-theft technology," and "ease" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contain a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant is without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

118.  Answering Paragraph 118, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "deceptive marketing," "Defective Vehicles," and "Defective Vehicle" are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations rely on the Municipal Code of Chicago, the Municipal Code of Chicago speaks for itself.  Answering further, Defendant denies that it sold and/or sells vehicles to retail consumers.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

119.  Answering Paragraph 119, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   All allegations in this Paragraph not specifically admitted are denied.

### THIRD CAUSE OF ACTION

### Violation of MCC § 2-25-090

### Unfair Trade Practices

120.  Answering Paragraph 120, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

ANSWER OF HYUNDAI MOTOR AMERICA TO CHICAGO'S SAC

121.   Answering Paragraph 121, to the extent Plaintiff's allegations rely on the Municipal Code of Chicago, the Municipal Code of Chicago speaks for itself.  All allegations in this Paragraph not specifically admitted are denied.

122.   Answering Paragraph 122, to the extent Plaintiff's allegations rely on the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, the Illinois Compiled Statutes speak for themselves.  All allegations in this Paragraph not specifically admitted are denied.

123.   Answering Paragraph 123, Defendant responds that "public policy," "immoral, unethical, oppressive, or unscrupulous," and "substantial injury" are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations rely on *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417–18 (2002), the decision speaks for itself.  Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

124.   Answering Paragraph 124, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "unfair trade practices," "conduct," "public policy," "immoral, unethical, oppressive, and unscrupulous," "advertising," "Defective Vehicles," "effective," "industry-standard," "equivalent anti-theft technology," "unreasonably susceptible," "unreasonable risk," and "public safety" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

125.  Answering Paragraph 125, Defendant responds that "public policy," "unreasonably susceptible," "standard," "nearly all," "other manufacturers," and "standard equipment" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

126.  Answering Paragraph 126, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "Defective Vehicles," "industry-standard," "equivalent anti-theft equipment," "obfuscated critical information," "touting," "those vehicles," "leaders," "safety," "quality," "warning, instruction, or other precaution," "injuries," and "safety of others" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it manufactures vehicles.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

127.  Answering Paragraph 127, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "clear and conspicuous," "Defective Vehicles," "industry-standard," "equivalent anti-theft technology," "demonstrably more susceptible," "almost all other vehicles on the market," "omission and/or obfuscation" "this information," and "meaningful choice," are vague and ambiguous, and denies the allegations on that

basis.   Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations.   All allegations in this Paragraph not specifically admitted are denied.

128.   Answering Paragraph 128, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.   Answering further, Defendant responds that "industry-standard," "equivalent anti-theft technology," "substantial injury," "actions," "impacted," "substantial number," "[t]housands," "Defective Vehicles," "impact," "substantial," "disproportionately," and "low-income" are vague and ambiguous and denies the allegations on that basis.   Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

129.   Answering Paragraph 129, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.   Answering further, Defendant responds that "Defective Vehicles," and "equivalent anti-theft technology" are vague and ambiguous, and denies the allegations on that basis.   All allegations in this Paragraph not specifically admitted are denied.

130.   Answering Paragraph 130, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.   Answering further, Defendant responds that "Defective Vehicles," "spiked," "adequate action," "increased risk,"

and "remove these dangerous vehicles from the market" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.   All allegations in this Paragraph not specifically admitted are denied.

131.   Answering Paragraph 131, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "unreasonably dangerous vehicles," "public safety," "imperiled," "mitigate," "damage," and "actions" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it manufacturers vehicles.   Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

132.   Answering Paragraph 132, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "substantial injury," "Defective Vehicles," "disproportionately," "low-income," and "hundreds if not thousands" are vague and ambiguous and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

133.  Answering Paragraph 133, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "unfair trade practices," "Defective Vehicles," and Defective Vehicle are vague and ambiguous, and denies the allegations on that basis.  Answering further, to the extent Plaintiff's allegations rely on the Municipal Code of Chicago, the Municipal Code of Chicago speaks for itself.  Ansewring further, Defendant denies that it sold and/or sells vehicles to retail consumers.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph.  All allegations in this Paragraph not specifically admitted are denied.

134.  Answering Paragraph 134, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

## FOURTH CAUSE OF ACTION

### Public Nuisance

135.  Answering Paragraph 135, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

136.  Answering Paragraph 136, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "Defective Vehicles," "record rates," and "violent crimes" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it designs or manufactures vehicles.  Answering further,

Defendant admits that it markets and distributes vehicles.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

137.  Answering Paragraph 137, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering Further, Defendant responds that "Defective Vehicles," "unreasonably interferes," and "right common to the public" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it designs or manufactures vehicles. Answering further, Defendant admits that it distributes vehicles.  Answering further, Defendant denies that there exists a public nuisance and also denies that it created, contributed to, and/or maintained a public nuisance.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

138.  Answering Paragraph 138, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "conduct," "significant effect," "public rights," "endangers," and "safety of the public" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

139.  Answering Paragraph 139, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant

responds that "effective," "equivalent anti-theft technology," "Defective Vehicles," "increased rates," "increased costs," "responding to," and "related crimes" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

140. Answering Paragraph 140, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "reason to know," "this interference with public safety," "substantially certain outcome," and "conduct" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

141. Answering Paragraph 141, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "equivalent anti-theft technology," "Defective Vehicles," "directly facilitated" and "rapid increase" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it designs or manufactures vehicles. Answering further, Defendant denies that there exists a public nuisance and also denies that it created a public nuisance. Answering further, Defendant denies that it facilitated an increase in vehicle theft. Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

142.   Answering Paragraph 142, Defendant responds that "common right," "free from conduct," "interferes," "peaceful use," "commerce," "travel," and "quality of daily life" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

143.   Answering Paragraph 143, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "endangered," "harmed," "undermined," "law enforcement efforts to deter vehicle theft," "otherwise diverted," "scarce," and "law enforcement and first responder resources" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

144.   Answering Paragraph 144, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "conduct," "directly caused," "severe disruption," "public welfare, order, and safety," "ongoing," "permanent," "long-lasting," and "damage" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

145.   Answering Paragraph 145, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "conduct," "substantially interferes," "public's right," and "safe and reasonable access" are vague and ambiguous, and denies the allegations on that basis.

Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

146. Answering Paragraph 146, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "conduct," "affected and continues to affect," "substantial number," and "significant harm" are vague and ambiguous, and denies the allegations on that basis.  All allegations in this Paragraph not specifically admitted are denied.

147. Answering Paragraph 147, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "conduct," is vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that there exists a public nuisance and also denies that it created a public nuisance.  All allegations in this Paragraph not specifically admitted are denied.

148. Answering Paragraph 148, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "equivalent anti-theft technology," "acted unreasonably," "conduct," and "injuries, harm, and economic losses" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it manufactures vehicles.  Answering further, Defendant denies that there exists a public nuisance and also denies that it created a public nuisance.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

149.  Answering Paragraph 149, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "conduct," "significant expenditures," "police, emergency, health, and other services," "property damage," "Defective Vehicles," "public outreach," and "theft prevention measures," "such damages," "damages,"  are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that there exists a public nuisance and also denies that it created a public nuisance. Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

150.  Answering Paragraph 150, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "misconduct," "highly unreasonable risk of harm," and "rights and safety of others" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations related to what a "political subdivision would reasonably expect to occur" and/or "normal and expected costs of a local government's existence," and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

151.  Answering Paragraph 151, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "costs," "public outreach," "theft prevention measures," and "compensation for economic and property damages" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.  Answering further, Defendant denies that there exists a public nuisance and also denies that it created a public nuisance and/or assisted in the creation of a public nuisance.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

152.   Answering Paragraph 152, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

## FIFTH CAUSE OF ACTION

## Negligence

153.   Answering Paragraph 153, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs.  All allegations in this Paragraph not specifically admitted are denied.

154.   Answer Paragraph 154, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "act," "reasonably careful person," "circumstances," "all reasonable steps necessary," and "unreasonably easy to steal" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it designs or manufactures vehicles.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response

is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

155.  Answering Paragraph 155, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "unreasonable risk of harm," "hazards," "dangers," "equivalent anti-theft technology," "Defective Vehicles," "increased risk," and "public harm" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

156.  Answering Paragraph 156, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "equivalent anti-theft technology," "Defective Vehicles," "injuries," "dangerous and unreasonable risk of injury," and "best position" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

157.  Answering Paragraph 157, Defendant responds that "[n]early all" and "Defective Vehicles" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this Paragraph, and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

158.  Answering Paragraph 158, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "action and inaction," "act," "reasonably prudent person and/or company," "same circumstances," and "minimum, industry-standard security measures" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it designs, develops, produces, produced, manufactures, and/or manufactured vehicles.  Answering further, Defendant admits that it distributes vehicles.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

159.  Answering Paragraph 159, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "in control" is vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it designs, develops, produces, and/or manufactures vehicles.  Answering further, Defendant admits that it distributes vehicles.  All allegations in this Paragraph not specifically admitted are denied.

160.  Answering Paragraph 160, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "injuries" and "effective deterrent" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it manufactures vehicles.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response

is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

161.  Answering Paragraph 161, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "acted unreasonably," "conduct," and "injuries, harm, and economic losses" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

162.  Answering Paragraph 162, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "acts and omissions," "unreasonable risk of harm," and "negligent and/or criminal acts of third parties" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

163.  Answering Paragraph 163, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "injuries, harms, and economic losses" and "conduct" are vague and

ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

164. Answering Paragraph 164, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "conduct" and "rights" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

165. Answering Paragraph 165, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "wrongful acts and omissions," "injured," "economic damages," "significant expenditures," "police, emergency, health, and other services," "property damage," and "Defective Vehicles" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

166. Answering Paragraph 166, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "over and above its ordinary public services" and "misconduct" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to what a "political subdivision would reasonably expect to occur" and/or "normal and expected costs of a local government's existence," and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  All allegations in this Paragraph not specifically admitted are denied.

167.  Answering Paragraph 167, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "conduct," "rights, "right to public safety," "highly unreasonable risk," "harm," and "rights and safety of others" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.  All allegations in this Paragraph not specifically admitted are denied.

168.  Answering Paragraph 168, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them.  Answering further, Defendant responds that "fault," "injuries," "ordinary course of events," and "due care commensurate to the dangers involved" are vague and ambiguous, and denies the allegations on that basis.  Answering further, Defendant denies that it manufactures

vehicles. Answering further, Defendant states that this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

169. Answering Paragraph 169, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

**SIXTH CAUSE OF ACTION**

**Violation of MCC § 1-20-020**

170. Answering Paragraph 170, Defendant admits that Plaintiff purports to incorporate the preceding paragraphs. All allegations in this Paragraph not specifically admitted are denied.

171. Answering Paragraph 171, to the extent Plaintiff's allegations rely on the Municipal Code of Chicago, the Municipal Code of Chicago speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

172. Answering Paragraph 172, to the extent Plaintiff's allegations rely on the Municipal Code of Chicago, the Municipal Code of Chicago speaks for itself. All allegations in this Paragraph not specifically admitted are denied.

173. Answering Paragraph 173, Defendant denies that Plaintiff is entitled to the relief asserted in this Paragraph. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

174. Answering Paragraph 174, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "Defective Vehicles" and "deceptive and unfair trade practices" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it manufactures vehicles. Answering further, Defendant denies that there exists a public nuisance and also denies that it caused or contributed to a public nuisance. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

175. Answering Paragraph 175, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "wave of thefts," "Defective Vehicles," "resulting costs," "responding to" and "crimes, injuries, and property damage" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them. All allegations in this Paragraph not specifically admitted are denied.

176. Answering Paragraph 176, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "unlawfully misrepresented," "quality," "safety," "Defective Vehicles," "advertising and marketing materials," "equivalent technology," "some, if not all," "unfairly marketed," "industry-standard antitheft technology," and "unusually

susceptible" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that it manufactures vehicles. Answering further, Defendant denies that its advertising and marketing materials contain misrepresentations. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

177. Answering Paragraph 177, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "misconduct" and "costs" and  are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to what a "political subdivision would reasonably expect to occur" and/or "normal and expected costs of a local government's existence," and denies the allegations on that basis. Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. All allegations in this Paragraph not specifically admitted are denied.

178. Answering Paragraph 178, Defendant responds that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Kia, and therefore denies them. Answering further, Defendant responds that "unlawful actions," "considerable resources," "mitigate," "harms," "these vehicles," "related crimes," "costs," "police, emergency, health, and other services," "property damage," "public outreach," and "theft prevention measures" are vague and ambiguous, and denies the allegations on that basis. Answering further, Defendant denies that there exists a public nuisance and also denies that Defendant caused a public nuisance. Answering further, Defendant states that this Paragraph

contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph and therefore denies them.  Answering further, Defendant denies Plaintiff's characterization of the facts in this Paragraph. All allegations in this Paragraph not specifically admitted are denied.

179.   Answering Paragraph 179, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.  Answering further, Defendant states that this Paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.   All allegations in this Paragraph not specifically admitted are denied.

## **RESPONSE TO PRAYER FOR RELIEF**

A.     Answering Section A. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

B.     Answering Section B. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

C.     Answering Section C. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

D.     Answering Section D. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

E.     Answering Section E. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

F.     Answering Section F. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

G.     Answering Section G. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

H.     Answering Section H. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

I.      Answering Section I. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

J.      Answering Section J. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

K.      Answering Section K. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

L.      Answering Section L. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

M.      Answering Section M. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

N.      Answering Section N. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

O.      Answering Section O. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

P.      Answering Section P. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

Q.      Answering Section Q. of Chicago's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in this Paragraph.

## **RESPONSE TO JURY TRIAL DEMAND**

Answering Chicago's Jury Trial Demand, Defendant admits that Plaintiff City of Chicago purports to demand a jury trial.  Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a jury trial on all causes of action, claims, and issues so triable.

## **STATEMENT OF DEFENSES**

The following statement of defenses is not intended to characterize any particular defense as "affirmative," nor to specify which party bears the burden of proof or persuasion on a particular defense, or that any particular issue or subject matter herein is relevant to Plaintiff's claims.

**FIRST DEFENSE (FAILURE TO STATE A CLAIM)**

Plaintiff fails to state a claim for which relief can be granted.

**SECOND DEFENSE (PROXIMATE CAUSE)**

No act or omission of Defendant was the legal or proximate cause of any injury alleged by Plaintiff.

**THIRD DEFENSE (COMPLIANCE)**

At all relevant times, Defendant acted in good faith and in accordance with all applicable statutory and common law obligations.  Moreover, Defendant did not directly or indirectly perform any acts that would constitute a violation of any rights of Plaintiff or any duty owed to Plaintiff.

**FOURTH DEFENSE (LACHES)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, as Plaintiff has unreasonably delayed in bringing this action and acquiesced in the issue about which it now complains.

**FIFTH DEFENSE (RATIFICATION)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff, through its acts, conduct, and omissions, ratified the alleged conduct of which it now complains.

**SIXTH DEFENSE (PREEMPTION)**

To the extent Plaintiff's claims seek to impose liability for failure to install specific anti-theft devices or to comply with anti-theft regulations, its claims are preempted by the federal motor vehicle safety standards, including but not limited to, 49 CFR § 541 et seq. and 49 CFR § 571.114, with which Defendant complied.

**SEVENTH DEFENSE (NO FORESEEABILITY)**

Plaintiff's claims are barred, in whole or in part, because the increased theft rate of the vehicles due to a social media craze was not foreseeable to Defendant.

**EIGHTH DEFENSE (CONTRIBUTORY/COMPARATIVE NEGLIGENCE)**

Plaintiff's claims are barred, in whole or in part, and/or reduced by contributory or comparative negligence and contributory or comparative fault, for reasons

ANSWER OF HYUNDAI MOTOR AMERICA TO CHICAGO'S SAC

including, but not limited to, Plaintiff's alleged injuries and/or damages were caused, in whole or in part, by its own failure to effectively enforce the law and prosecute violations thereof, and any recovery by Plaintiff is barred or, alternatively, should be diminished according to its own fault.

### NINTH DEFENSE (INTERVENING ACTS/CAUSATION)

Plaintiff is barred from recovery because its alleged injuries were directly and proximately caused by the criminal and tortious acts of third parties over whom Defendant had no control or right of control.

### TENTH DEFENSE (MISUSE)

Plaintiff is not entitled to recover to the extent any alleged damages or injuries were caused by the misuse, abuse, or failure to properly maintain or care for the subject vehicles.

### ELEVENTH DEFENSE (USE IN DISREGARD OF INSTRUCTIONS)

Plaintiff's claims are barred to the extent the subject vehicles were used in disregard of the instructions and directions regarding their use, and that such misuse was not foreseeable to Defendant.

### TWELFTH DEFENSE (ALTERATION OF PRODUCT)

The subject vehicles may have been altered and changed after they left Defendant's possession, custody, and control, and as such, Defendant would not be liable for Plaintiff's alleged injuries.

### THIRTEENTH DEFENSE (NON-DEFECTIVE PRODUCT)

The subject vehicles were neither defective nor unreasonably dangerous when they left Defendant's possession or control.

### FOURTEENTH DEFENSE (STATE OF THE ART)

Plaintiff's claims are barred because the subject vehicles were manufactured, designed, tested, and labeled in a manner conforming to the generally recognized or prevailing state of relevant scientific and technological knowledge available at the

time the vehicles were designed, manufactured, and placed on the market, and their benefits exceeded any associated risks.

## FIFTEENTH DEFENSE (FIRST AMENDMENT)

Plaintiff's claims may be barred, in whole or in part, by the First Amendment to the Constitution of the United States.  Defendant's representations, advertisements, and communications are entitled to protection under the United States Constitution.

## SIXTEENTH DEFENSE (ECONOMIC LOSS RULE)

Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

## SEVENTEENTH DEFENSE (MUNICIPAL COST RECOVERY RULE)

Plaintiff's claims are barred, in whole or in part, under the municipal cost recovery rule.

## EIGHTEENTH DEFENSE (COGNIZABLE DAMAGES)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any cognizable damage or injury.

## NINETEENTH DEFENSE (STANDING)

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff lacks standing to recover damages.

## TWENTIETH DEFENSE (SPECULATIVE DAMAGES)

Plaintiff's claims for damages are speculative, ambiguous, and illusory, and any award of damages against Defendant would be improper.

## TWENTY-FIRST DEFENSE (MITIGATION)

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged losses or damages.

## TWENTY-SECOND DEFENSE (PRIMARY JURISDICTION)

Plaintiff's claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the SAC.

### TWENTY-THIRD DEFENSE (UNCLEAN HANDS)

Plaintiff comes to the Court with unclean hands that preclude any award of equitable relief, including because: (1) Plaintiff failed to enforce the law to prevent thefts; (2) Plaintiff brought suit against Defendant rather than any single thief directly responsible for its alleged injuries; and (3) Plaintiff has attempted to impose private liability in a manner contrary to public policy and the public interest.

### TWENTY-FOURTH DEFENSE (ABATEMENT)

Plaintiff's request for abatement is barred in whole or in part on one or more of the following grounds: (1) Plaintiff cannot demonstrate that any viable abatement measures exist beyond those voluntarily undertaken by Defendant; and (2) Plaintiff improperly seeks damages disguised as an abatement fund.

### TWENTY-FIFTH DEFENSE (STATUTE OF LIMITATIONS AND REPOSE)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and of repose for each claim.

### TWENTY-SIXTH DEFENSE (RIPENESS)

Plaintiff's claims are not ripe and/or have been mooted.

### TWENTY-SEVENTH DEFENSE (LIMITATIONS, CAPS, AND SETOFFS)

Plaintiff's claims are barred, in whole or in part, reduced and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

### TWENTY-EIGHTH DEFENSE (COLLATERAL SOURCE)

Any verdict or judgment that might be recovered by Plaintiff must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiff in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

### TWENTY-NINTH DEFENSE (NO DUTY)

Defendant did not owe or breach any statutory or common law duty to Plaintiff.

## THIRTIETH DEFENSE (AUTHORITY)

Plaintiff's claims are barred to the extent that it lacks the statutory authority under respective state laws or its own applicable county or municipal codes or regulations.

## THIRTY-FIRST DEFENSE (SEPARATION OF POWERS)

Plaintiff's claims and damages are barred or limited by the political question and separation of powers doctrines and because its claims implicate issues of statewide importance that are reserved for state regulation.

## THIRTY-SECOND DEFENSE (PRUDENTIAL MOOTNESS)

Some or all of Plaintiff's claims are subject to the prudential mootness doctrine.

## THIRTY-THIRD DEFENSE (CAPACITY)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity to bring its claims, including claims indirectly maintained on behalf of its citizens and claims brought as *parens patriae*.

## THIRTY-FOURTH DEFENSE (GOOD FAITH/PUNITIVE DAMAGES)

Defendant cannot be held liable for any punitive, exemplary, or other similar damages, because Defendant at all times made good faith efforts to comply with the law. Defendant denies that punitive and/or exemplary damages against Defendant are warranted, because at no time did Defendant act wrongfully or with malice, bad faith, or reckless indifference toward Plaintiff.

## THIRTY-FIFTH DEFENSE (CONSTITUTIONAL LIMITS ON DAMAGES)

Plaintiff's claims for punitive, aggravated, or exemplary damages or other civil penalties are barred, in whole or in part, by the due process protections afforded by the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of any state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as

applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Defendant the same procedural protections that are accorded to criminal defendants under the constitutions of the United States and any state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Prod. Corp. v. Alliance Res., Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

### THIRTY-SIXTH DEFENSE (TRUTHFUL)

Plaintiff's claims are barred, in whole or in part, because Defendant's advertising and marketing materials, including affirmative representations, are truthful, and therefore not misleading.

### THIRTY-SEVENTH DEFENSE (IMMATERIAL)

Plaintiff's claims are barred, in whole or in part, because Defendant's affirmative representations and/or omissions in its advertising and marketing materials are immaterial, such that a consumer would not have acted differently knowing the information, the advertising and marketing materials concerned the type of information upon which a buyer would not be expected to rely in making a decision whether to purchase a vehicle, and the advertising and marketing materials are unlikely to mislead a reasonable consumer in a material respect.

### THIRTY-EIGHTH DEFENSE (NOT MISLEADING OR DECEPTIVE)

Plaintiff's claims are barred, in whole or in part, because Defendant's advertising and marketing materials are not misleading or deceptive, and would not cause a reasonable consumer to be misled or deceived.

### THIRTY-NINTH DEFENSE (UNRELATED)

Plaintiff's claims are barred, in whole or in part, because Defendant's specific representations in advertising and marketing materials that Plaintiff identified in its SAC are unrelated to anti-theft technology.

### FORTIETH DEFENSE (NOT UNFAIR)

Plaintiff's claims are barred, in whole or in part, because Defendant's conduct is not unfair, such that it does not offend public policy, is not immoral, unethical, oppressive, and/or unscrupulous.

### FORTY-FIRST DEFENSE (ARTICLE III STANDING)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's municipal ordinance does not require showing of an injury, as is required under Article III.

### RESERVATION OF DEFENSES

Defendant has not knowingly or intentionally waived any applicable affirmative or other defenses and reserves the right to rely upon such defenses as may become available or apparent. Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law and equity,

-69-

that may now be or in the future will become available based on discovery or any other factual investigation concerning this action or any related action.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief from judgment from Plaintiff as follows:

1. Plaintiff take nothing by reason of this SAC;

2. Defendant recovers its costs and attorneys' fees incurred herein; and

3. For such further and other relief as the Court deems proper.


DATED:  September 18, 2024          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Steven G. Madison*

Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

*Attorneys for Defendant Hyundai Motor America*